TIM CULLEN, Secretary Department of Health and Social Services
Your predecessor has asked for an opinion regarding the proper disposition of refunds of federal block grant monies received by the Department of Health and Social Services (Department). Recently the state Legislative Audit Bureau (LAB) audited the Department's block grant expenditures and concluded that the Department's disposition of certain block grant refunds was not in compliance with federal block grant law. The LAB auditors concluded that the Department's re-obligation of refunds received after the expiration of the period in which the block grant monies had to be obligated or expended was inappropriate. The audit concluded that the refunds should have been returned to the United States Department of Health and Human Services. The refunds involve a total of $8,721.23 for FY-1982 and FY-1983 under the Alcohol, Drug Abuse and Mental Health Services block grant and $6,105.03 in FY-1983 under the Community Services block grant.
Because these are block grants, the interpretation of applicable statutes is primarily the responsibility of each state. Indeed, block grants are specifically exempt from the usual federal grant administration requirements in45 C.F.R. Part 74 (1985). 46 Fed. Reg. 48,584 (1981), 47 Fed. Reg. 29,476
(1982). The statutes themselves, however, are quite clear.42 U.S.C. § 300x-2 (a)(2) (1982) governs the use of funds under the ADAMH block grant. It provides: "Any amount paid to a State for a fiscal year and remaining unobligated at the end of such year shall remain available to such State for the purposes for which it was made for the next fiscal year."
Community Services block grants are governed by 42 U.S.C. § 9907
(b) (1982), which provides: "Payments to a State from its allotment for any fiscal year shall be expended by the State in such fiscal year or in the succeeding fiscal year."
Both statutes are clear and the policy behind both statutes is consistent: the federal government wants the state to use its yearly *Page 20 
allotment over a period not longer than two years. Therefore, FY-1982 funds would have to be used no later than the beginning of FY-1984. The Department's practice has been to credit refunds received after the two-year period to expenditures incurred before the expiration of that time as described in the letter requesting this opinion:
 [R]efunds of the funds so expended or obligated that were received after the expiration of the two year period were "reobligated," i.e. used in lieu of funds previously obligated or expended. Since the block grants are reauthorized each year and DHSS has two years to obligate or expend the monies, the effect of the accounting transaction is to increase by the amount of the refund the monies available for obligation during the following FFY expenditure period.
The Department's policy is not consistent with the federal law. The federal law requires the monies to be spent within the applicable two-year period. The money is only "available" for the applicable two-year period. If the Department had not spent the money within that two-year period, it would have to refund the money. It must do the same with refunds of monies received after the applicable two-year period. Those monies are essentially block grant funds which were not spent within the two year period.
The contrary interpretation would allow the Department, or any other state, to frustrate the clear language of the applicable statutes by overpaying its subgrantees and not collecting the refunds until the applicable fiscal year's time period had expired. Interpreting the federal statutes as I have is consistent with the clearly expressed policy in42 U.S.C. §§ 300x-1 and 9904. It also is consistent with the policy of requiring the early recapture of unspent monies. As the LAB report indicates, the money would not have to be refunded if the subrecipients' contracts had been closed out more expeditiously. Legislative Audit Bureau Report 86-8 at 16.
Finally, this policy is consistent with the state accounting policy expressed in section 20.001 (5), Stats., which allows refunds received in the same fiscal year to be credited to the appropriation from which the original expenditure was made. Refunds received after the close of the fiscal year cannot be so credited.
DJH:AL *Page 21